**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4947**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JOSE ARCILA-PEDRAZA,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:07-cr-00035-WLO)

———————

Submitted:  August 29, 2008      Decided:  September 17, 2008

———————

Before NIEMEYER and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. David Paul Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Arcila-Pedraza appeals from his conviction and 188-month sentence imposed for conspiracy to distribute methamphetamine and crack cocaine, possession with intent to distribute methamphetamine and crack cocaine, and maintaining a dwelling to manufacture and distribute methamphetamine and crack cocaine. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising sufficiency of the evidence to support the convictions, but stating that, in his opinion, there are no meritorious issues for review. The Defendant filed a pro se supplemental brief arguing that this is a case of mistaken identification, there was insufficient evidence to support the convictions, and that he did not possess a firearm attributed for sentencing purposes. The Government has declined to file a brief.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In

2

determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

At trial, several officers participating in the drug conspiracy investigation and surveillance identified the Defendant as the person who dug up a container out of the yard, took out a package and placed it in a car, which was later used in a drug transaction. A search of the yard yielded methamphetamine buried in the ground. The Defendant was also seen using a firearm. His co-defendant testified that the Defendant was his supplier for several methamphetamine transactions with undercover officers. While the Defendant testified that he was not involved in any drug transactions and did not possess a firearm, we do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. See

3

<u>Romer</u>, 148 F.3d at 364.  We therefore conclude that there was sufficient evidence to support the convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Arcila-Pedraza's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>